# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL JOHN MODENA,**

      **Plaintiff,**

**v.**                                               **Civil Action No. 3:13cv90**
                                                            **(Judge Groh)**

**WARDEN TERRY O'BRIEN,**

      **Defendant.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on August 2, 2013, by filing a Federal Tort Claim Act. In the complaint, the plaintiff alleges that his halfway house placement has been delayed by various employees of USP Hazelton. Currently pending is the plaintiff's Motion for Leave to Proceed *in forma pauperis*.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The undersigned has reviewed the plaintiff's extensive litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. Upon review, the undersigned finds that since 1999, the plaintiff has commenced more than thirty-six actions across

the country. The three-strikes provision of 28 U.S.C. § 1915(g) was enforced against the plaintiff in the Northern District of Ohio as early as October 31, 2003. See Modena v. Bureau of Prisons, No. 4:03cv1938(N.D. Ohio October 31, 2003). Since then, the plaintiff has brought at least three more actions in the district courts that have been dismissed on grounds that qualify as strikes for purposes of 28 U.S.C. § 1915(g). Modena v. United States, No. 06-cv-2865 (D. Minn. Jan. 30, 2007) (dismissing *sua sponte* plaintiff's *pro se* prisoner civil rights action pursuant to 28 U.S.C. § 1915A(b) on the ground that it is frivolous, malicious, or fails to state a claim on which relief can be granted); Modena v. United States, No. 10-cv-0911, 2011 WL 2670577, at *8 (W.D. Mich. July 7, 2011)(dismissing *sua sponte* plaintiff's *pro se* prisoner civil rights action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A9b) because defendants are immune and plaintiff fails to state a claim); Modena v. Neff, 91 Fed. Cl. 29 (Fed. Cl. 2010)(dismissing *sua sponte* plaintiff's complaint with prejudice for failing to allege one or more claims cognizable under the Tucker Act, 28 U.S.C. § 1491(a)(1).Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

With respect to the plaintiff's allegations in his complaint, there is no allegation that would support a finding of imminent danger of serious physical injury.[1]

For the foregoing reasons, the plaintiff's Motion for Leave to Proceed In Forma Pauperis (dckt. 10) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is

---

[1]Moreover, the plaintiff's complaint is pursuant to the FTCA, and he indicates on the complaint that he filed his Form 95 on July 31, 2013 and has not yet received an answer. Therefore, the plaintiff has not exhausted his administrative tort claim and has prematurely filed this matter. Accordingly, were the Court to grant him IFP, his case would be subject to *sua sponte* dismissal. See 28 U.S.C. § 2675.

for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit."). It is further recommended that the plaintiff's Motion for Extension of Time to File (dckt. 11) be **DISMISSED AS MOOT.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to the counsel of record via electronic means.

DATED: 26 September 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE