**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHAEL JOHN MODENA,**

       Plaintiff,

**v.**                                                    **CIVIL ACTION NO. 3:13-CV-90
(JUDGE GROH)**

**UNITED STATES OF AMERICA,
MR. BRINSON, Unit Manager,
Delta One, MR. FAHEY, Case
Manager, Delta One,**

       Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING OPINION/REPORT AND
RECOMMENDATION, DENYING MOTION FOR SANCTIONS, DENYING MOTION
FOR RELEASE, AND DENYING AS MOOT REQUEST FOR EXTENSION OF TIME**

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull.

By Standing Order, this action was referred to Magistrate Judge Kaull for submission of a

proposed R&R.  Magistrate Judge Kaull filed his R&R [Doc. 12] on September 26, 2013.

In the R&R, he recommends that this Court dismiss the Plaintiff's complaint without

prejudice pursuant to 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's ("PLRA")

"three strikes" provision.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must make a *de novo* review of

those portions of the magistrate judge's findings to which objection is made.  The Court is

not required to review, under a *de novo* or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the findings or recommendation

to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985). In

addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The docket reflects that service was accepted on September 30, 2013. The Plaintiff timely filed his objections on October 7, 2013. Accordingly, the Court will review *de novo* those portions of the magistrate judge's findings to which the Plaintiff objects and the remainder of the R&R for clear error.

## I. BACKGROUND

On August 2, 2013, the *pro se* Plaintiff initiated this action by filing a complaint against Terry O'Brien, Warden of USP Hazelton. The clerk sent the Plaintiff a notice of deficient pleading that same day. On September 4, 2013, Magistrate Judge Kaull ordered that the Plaintiff show cause why he had not submitted the forms enclosed with the notice of deficient pleading, i.e., the form complaint for a Federal Torts Claim Act action, an application to proceed *in forma pauperis*, a prisoner trust account report form, and a consent to collect fees from trust account form within fourteen days. The complaint filed on the approved form names only the United States of America, Mr. Brinson, and Mr. Fahey as defendants.[1] The Plaintiff filed all of these forms on September 23, 2013 [Docs. 7-10]. The Plaintiff also filed a Request for Extension of Time After Receipt of Show Cause Order [Doc. 11] on that date, asking that he have more time to submit paperwork needed

---

[1] The Court will direct the clerk to change the defendants in this case per the form complaint as the change has not yet been made.

to initiate this case.

On September 26, 2013, Magistrate Judge Kaull entered his R&R [Doc. 12]. On October 7, 2013, the Plaintiff filed objections to the R&R, a Motion for Sanctions against Magistrate Judge Kaull, and a Motion for Release from Custody [Doc. 15].

## II. ANALYSIS

### 1. Objections to R&R

Magistrate Judge Kaull recommends denying the Plaintiff's motion to proceed *in forma pauperis* and dismissing this case without prejudice because the Plaintiff's accumulation of three strikes under 28 U.S.C. § 1915(g) bars him from filing a complaint without prepaying the filing fee. The Plaintiff, in essence, objects to this recommendation on two grounds–that he does not have three strikes and, even if he did, § 1915(g) is unconstitutional.

The Plaintiff contends that he does not meet the requirements of the three strikes rule because a case must reach the appellate court to count as a strike. In doing so, he directs the Court to Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013). He argues that, in Ball, the Third Circuit held "that to meet the . . . rule a litigant must have had a ruling on the appellate level filing of the related district court action."

Section 1915(g), the PLRA's "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Fourth Circuit Court of Appeals has elaborated on the circumstances in which a dismissal is a strike. Section "1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike." Tolbert v. Stevenson, 635 F.3d 646, 651 (4th Cir. 2011). However, dismissals "without prejudice for failure to state a claim," McLean v. United States, 566 F.3d 391, 397 (4th Cir. 2009), and routine dismissals "for failure to exhaust administrative remedies" are not strikes. Green v. Young, 454 F.3d 405, 410 (4th Cir. 2006).

As for the point at which a case counts as a strike, the Fourth Circuit has recognized that most circuit courts have held that a dismissal does not count as a strike until the prisoner exhausts or waives appeals of the decision. Henslee v. Keller, 681 F.3d 538, 541 (4th Cir. 2012) (noting that the Fifth, Eighth, Ninth, Tenth, and D.C. Circuits follow this approach). The Third Circuit adopted this approach in Ball. In that case, the Third Circuit held that "a dismissal does not count as a strike until it has been affirmed on appeal, or the opportunity to appeal has otherwise concluded." Ball, 726 F.3d at 465.

As a primary matter, the Plaintiff misconstrues Ball. The Third Circuit did not hold in Ball that an appellate court must rule on a case for it to count as a strike. Rather, it only held that, when a district court dismisses a case on grounds that would qualify as a strike, the case does not count as a strike until the prisoner exhausts *or* waives his right to appeal. See id. Thus, appellate court action is not needed for a dismissal to count as a strike. The Fourth Circuit has not held otherwise. See Henslee, 681 F.3d at 541.

Additionally, a review of the Plaintiff's litigation history confirms that he has three strikes. First, Modena v. United States, Civil Action No. 0:06-cv-02865 (D. Minn. Jan. 30,

2007), ECF No. 23 is a strike because the court dismissed the entire action "'on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Id. ¶ 4. Second, <u>Modena v. United States</u>, Civil Action No. 1:10-cv-911, 2011 WL 2670577 (W.D. Mich. July 7, 2011) is a strike because the court dismissed the case on the ground that "[d]efendants are immune and Plaintiff fails to state a claim." Id. at *8. <u>Modena v. United States</u>, Civil Action No. 1:12-cv-208, 2012 WL 1150819 (W.D. Mich. Apr. 5, 2012) is the Plaintiff's third strike because the court dismissed the entire case as frivolous. Id. at *3-4. Thus, because the Plaintiff has three strikes under § 1915(g), he cannot proceed *in forma pauperis*. As for the Plaintiff's argument that § 1915(g) is unconstitutional, courts have consistently found that it is constitutional. <u>See, e.g.</u>, <u>Higgins v. Carpenter</u>, 258 F.3d 797, 801 (8th Cir. 2001) (upholding § 1915(g) as constitutional); <u>Carson v. Johnson</u>, 112 F.3d 818, 821 (5th Cir. 1997) (rejecting constitutional challenge to § 1915(g) and explaining that the provision "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status"). Accordingly, the Court overrules the Plaintiff's objections to the R&R.

**2. Motion for Sanctions and Motion for Release from Custody**

With his objections, the Plaintiff asks the Court to sanction Magistrate Judge Kaull (e.g., by directing him "to note every law repugnant to the Constitution is null & void") and to release him from custody. Both of these requests are improper. This Court has no authority to sanction Magistrate Judge Kaull–let alone to impose the sanctions requested. The Plaintiff also has not identified a basis on which the Court would have the authority to release him. Rather, he only vaguely references a habeas corpus petition that is not the

subject of this case, a Federal Tort Claims Act action.  Accordingly, the Court will deny both of these motions as they lack merit.

### 3. Request for Extension of Time

The Plaintiff's request for an extension of time concerns Magistrate Judge Kaull's order directing him to show cause why he had not filed the documents provided to him with the notice of deficient pleading.  The Plaintiff timely complied with the notice on September 23, 2013 by filing all of the documents designated in the show cause order.  Accordingly, the Plaintiff's request for an extension of time to file paperwork needed to initiate this case is moot because he submitted the documentation at issue.

### III. CONCLUSION

Upon careful review of the record, the Court **OVERRULES** the Plaintiff's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DENIES** the Plaintiff's Application for Leave to Proceed *In Forma Pauperis* and **DISMISSES** this case **WITHOUT PREJUDICE**.

The Court **DENIES** the Plaintiff's Motion for Sanctions.

The Court **DENIES** the Plaintiff's Motion for Release from Custody.

The Court **DENIES AS MOOT** the Plaintiff's Request for Extension of Time After Receipt of Show Cause Order.

Finally, the Court **DIRECTS** the Clerk to change the parties listed in the caption of this case to reflect the parties listed as defendants on the Federal Torts Claim Act

Complaint form filed by the Plaintiff on September 23, 2013.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff.

**DATED**: June 2, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE